IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARDY INGRAM, | § | |
| Petitioner, | § | **04-40155** |
| vs. | § | Civil Action No. _____ |
| DAVID WINN, WARDEN, FEDERAL MEDICAL CENTER AYER, MASSACHUSETTS, | § § | PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C.§2241 (c)(3), AND AUTHORITY IN SUPPORT THEREOF |
| Respondent. | § | |

NOW COMES petitioner, Hardy Ingram, appearing <u>pro se</u>, and files this petition for a writ of habeas corpus alleging that he is "actually innocent", and that such a writ should issue, in the interest of justice, pursuant to 28 U.S.C.§2241(c)(3).

I. <u>JURISDICTION.</u>

Petitioner is a federal prisoner currently incarcerated within the District of Massachusetts. Petitioner's custodian (the Warden of the Federal Medical Center in Ayer, Massachusetts) is within the court's jurisdiction.

Furthermore, a federal prisoner can seek habeas corpus relief if not letting him do so would raise serious constitutional questions. <u>See</u>, <u>Triestman v. United States</u>, 124 F.3d 361, 377-79 (2nd Cir. 1997). Thus, petitioner's claim of **actual innocence** is precisely the type of claims reserved for habeas corpus, and the court should proceed to the merits of petitioner's claim.

II. <u>PRELIMINARY STATEMENT.</u>

On July 25, 2001, a federal grand jury sitting in the Northern District of Ohio (Eastern Division) returned a two-count indictment charging petitioner with, <u>inter alia</u>, possession of a controlled substance (cocaine base) with the intent to distribute same, in violation of 21 U.S.C.§841(a)(1)(b)(1)(A).

Petition for Writ of Habeas Corpus,
<u>Hardy Ingram v. David Winn, Warden,</u>
<u>August 13, 2004, Page Three.</u>

III. <u>STATEMENT OF FACTS.</u>

In the interest of brevity, and judicial economy, only those facts essential to the claims advanced in this petition are set forth hereinafter.

On June 10, 1991, petitioner entered a plea of guilty in a state court to simple possession of bulk quantities of cocaine, in violation of ORC 2925.11. <u>See</u>, Exhibit "A" (Excerpts of plea proceedings in state court), annexed hereto. Additionally, on February 6, 1991, petitioner entered a guilty plea to a single count of an indictment charging him <u>disjunctively</u> with, <u>inter alia</u>, transportation of a controlled substance, or preparing such a controlled substance for transportation. <u>See</u>, Exhibit "B". These two state convictions were used by the U.S. District Court in the Northern District of Ohio (Hon. Lesley Wells, U.S.D.J.) to classify petitioner a "career offender", and to substantially increase his sentence of imprisonment. This was done without a meaningful objection from defense counsel. Moreover, in view of petitioner's direct appeal and Section 2255 motion waiver, as contained in the plea agreement, petitioner's actual innocence claim has not been reviewed on the merits.

Petitioner now claims that he is entitled to relief by way of a writ of habeas corpus, because he was denied effective assistance of counsel during the sentencing proceedings resulting in a complete miscarriage of justice (<u>i.e.</u>, imposition of a recidivist enhancement provision for which he is "actually innocent") warranting judicial review, and redress.

THE STATE OF OHIO  
Cuyahoga County  } SS.  I, GERALD E. FUERST, CLERK OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY, HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL CRIMINAL Journal Entry CR-262020 NOW ON FILE IN MY OFFICE. WITNESS MY HAND AND SEAL OF SAID COURT THIS 24th DAY OF Sept A.D. 20 01  
GERALD E. FUERST, Clerk  
By _____ Deputy

*trial pledge*  
*sentence sheet*  
*March 91*  
*June 91*

STATE OF OHIO,  
CUYAHOGA COUNTY } SS.   IN THE COURT OF COMMON PLEAS

STATE OF OHIO  PLAINTIFF  
vs.  
HARDY INGRAM JR  DEFENDANT

TO-WIT: JUNE 10, 1991  
MAY TERM, 19 91  
NO. CR-262020  
INDICTMENT TRAFFICKING IN DRUGS, POSSESS CRIMINAL TOOLS

## JOURNAL ENTRY

NOW COMES THE PROSECUTING ATTORNEY ON BEHALF OF THE STATE OF OHIO AND THE DEFENDANT, HARDY INGRAM JR, IN OPEN COURT WITH HIS/HER COUNSEL PRESENT AND WAS FULLY ADVISED OF HIS/HER CONSTITUTIONAL RIGHTS.

THEREUPON, SAID DEFENDANT RETRACTS HIS/HER FORMER PLEA OF NOT GUILTY HERETOFORE ENTERED, AND FOR PLEA TO SAID INDICTMENT SAYS HE/SHE IS GUILTY OF DRUG LAW, RC 2925.03, (F-3), AS CHARGED IN COUNT TWO OF THE INDICTMENT, WHICH PLEA/PLEAS, ON THE RECOMMENDATION OF THE PROSECUTING ATTORNEY IS/ARE ACCEPTED BY THE COURT.

ON RECOMMENDATION OF THE PROSECUTOR, COUNTS ONE AND THREE ARE NOLLED.  
PRE-SENTENCE INVESTIGATION IS WAIVED.

THEREUPON, THE COURT INQUIRED OF THE DEFENDANT IF HE/SHE HAD ANYTHING TO SAY WHY JUDGMENT SHOULD NOT BE PRONOUNCED AGAINST HIM/HER; AND HAVING NOTHING BUT WHAT HE/SHE HAD ALREADY SAID AND SHOWING NO GOOD AND SUFFICIENT CAUSE WHY JUDGMENT SHOULD NOT BE PRONOUNCED.

IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT SAID DEFENDANT, HARDY INGRAM JR, IS SENTENCED TO LORAIN CORRECTIONAL INSTITUTION FOR A TERM OF EIGHTEEN (18) MONTHS, CONCURRENT TO ALL OTHER SENTENCES.

DEFENDANT HAVING SUBMITTED AFFIDAVIT OF INDIGENCY, MANDATORY FINE WAIVED. PROPERTY AND CASH SIEZED VOLUNTARILY FORFEITED.

VOL 1027 PG 640  
LG 06/11/91 10:55  
RECEIVED FOR FILING JUN 17 1991  
GERALD E. FUERST, CLERK  
BY _____ DEP.

JUDGE TIMOTHY E MCMONAGLE

COPIES SENT TO:  
☐ Sheriff  
☐ Defendant  
☐ Other Lorain m6-18-91  
CPD m6-18-91

```
 1              MONDAY MORNING SESSION, JUNE 10, 1991
 2              THE COURT:        For the record we
 3    are here on case number 262020 wherein the
 4    defendant, Hardy Ingram, Sharon Ingram and
 5    Patrick Houston are before the Court.  On
 6    behalf of the State of Ohio, counselor.
 7              MS. NAIMAN:              Your Honor, thank
 8    you.
 9              This is a four-count indictment;
10    however, the fourth count does not concern the
11    three defendants before us today, defendant A,
12    Patrick Houston, defendant B, as in boy, Hardy
13    Ingram, Jr., and defendant C, Sharon Ingram.
14              The first count alleges a violation of
15    ORC 2925.03, possession of cocaine over bulk
16    but under three times bulk.
17              There is also a furthermore clause in
18    this particular count as to Sharon Ingram, that
19    she did, on the 21st day of February, 1979, in
20    Cuyahoga County, Common Pleas Court case number
21    CR 39281, was convicted of trafficking in drugs
22    in violation of 2925.03.
23              There is also a violent spec as to
24    Patrick Houston.
25              Count two alleges a violation of drug
```

```
 1      law, 2925.03, knowingly prepare to ship
 2      cocaine.
 3              Also in this count there is the
 4      furthermore as to Sharon Ingram and the violent
 5      spec as to Patrick Houston.
 6              In the third count there is an
 7      allegation of violation of ORC 2923.24,
 8      possession of criminal tools; to-wit:  Money
 9      and a firearm.  There is a violent spec as to
10      Patrick Houston.
11              Your Honor, after pretrial
12      negotiations and discussions with the
13      defendant's attorney in the particular case,
14      and with the understanding that there will be a
15      change in defendant's pleas forthcoming, the
16      state moves to amend the indictment as to
17      Patrick Houston by moving to nolle counts two
18      and three and moving to amend count one to
19      2925.11, possession of cocaine under bulk
20      amount.  As part of this plea agreement
21      defendant also agrees to voluntarily forfeit
22      $498 confiscated, waiving any hearing to same
23      as well as voluntarily forfeiting all property
24      forfeited during the execution of the search
25      warrant.
```

```
 1            As to defendant Hardy Ingram, the
 2   state wishes to amend the indictment by moving
 3   to nolle count two and count three.  Count one,
 4   2925.11, is possession of cocaine, three times
 5   bulk, carries with it mandatory 18 year
 6   sentence.
 7            MR. DOUGHTEN:       That's 18 months.
 8   Excuse me.  She did say 18 years.
 9            THE COURT:          Yes.
10            MS. NAIMAN:         Excuse me.  As to
11   defendant C, Sharon Ingram --
12            THE COURT:          You may have
13   already punished him by that.
14            MR. DOUGHTEN:       Yes, Your Honor.
15            MS. NAIMAN:         As to defendant
16   C, Sharon Ingram, the state wishes to amend the
17   indictment by moving to nolle counts two and
18   three and amending count one to 2925.11,
19   possession of cocaine, with a furthermore that
20   would make this a third degree felony
21   punishable by possible term of incarceration of
22   one, one and a half, two years, and a possible
23   fine up to but not exceeding $5,000.
24            Your Honor, a fourth degree felony as
25   to Patrick Houston is punishable by possible
```

```
 1  term of incarceration of six months, 12 months
 2  or 18 months, and a possible fine of up to but
 3  not exceeding $2500.
 4        As to Hardy Ingram, possession and
 5  three times bulk carries with it a mandatory
 6  fine of $5,000 as well as the 18 months actual
 7  incarceration.
 8        As part of this plea agreement all
 9  defendants voluntarily forfeit all property
10  confiscated during the course of the execution
11  of the search warrant and waive any hearing to
12  same.
13        This is the trial date.  The two
14  detectives are here and are ready to go forward
15  and the state is ready to go forward today if
16  that's necessary.
17        There have been no threats or promises
18  made by me on behalf of this office in order to
19  induce the anticipated change in plea.
20        THE COURT:              Okay.
21        Mr. Doughten, you are standing in for
22  Mr. Tittle as to Patrick Houston; is that
23  correct?
24        MR. DOUGHTEN:           That's correct,
25  Your Honor.
```

EXHIBIT "B"

STATE OF OHIO, }
CUYAHOGA COUNTY } SS.   IN THE COURT OF COMMON PLEAS

STATE OF OHIO   PLAINTIFF   TO-WIT: MARCH 21  JANUARY  TERM, 19 91
                            NO. CR-247944                    , 19 91
VS.
HARDY INGRAM               INDICTMENT TRAFFICKING IN DRUGS, DRUG ABUSE

DEFENDANT

## JOURNAL ENTRY

THE DEFENDANT HEREIN HAVING, ON A FORMER DAY OF COURT ENTERED A PLEA OF GUILTY TO TRAFFICKING IN DRUGS, RC 2925.03 (A) (2), AS CHARGED IN THE FIRST (1) COUNT OF THE INDICTMENT, WAS THIS DAY IN OPEN COURT WITH HIS/HER COUNSEL PRESENT. (DAVID DOUGHTEN FOR DEFENDANT; TOM WALTERS COURT REPORTER)
   THEREUPON, THE COURT INQUIRED OF THE SAID DEFENDANT IF HE/SHE HAD ANYTHING TO SAY WHY JUDGMENT SHOULD NOT BE PRONOUNCED AGAINST HIM/HER; AND HAVING NOTHING BUT WHAT HE/SHE HAD ALREADY SAID AND SHOWING NO GOOD AND SUFFICIENT CAUSE WHY JUDGMENT SHOULD NOT BE PRONOUNCED.
   IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT SAID DEFENDANT, HARDY INGRAM, BE IMPRISONED AND CONFINED IN THE LORAIN CORRECTIONAL INSTITUTION FOR A TERM OF ONE (1) YEAR AND PAY THE COST OF THIS PROSECUTION FOR WHICH EXECUTION IS AWARDED.
   DEFENDANT TO BE HELD IN COUNTY JAIL UNTIL APRIL 5, 1991 DUE TO PENDING CASE AND FURTHER ORDER OF THE COURT. DEFENDANT REMANDED TO CUSTODY.

RECEIVED FOR FILING
MAR 27 1991
GERALD E. FUERST
BY _____ DEP.

BC  03/25/91  15:00   VOL 1006 PG 451

JUDGE _____
JOSE' A VILLANUEVA

COPIES SENT TO:
Sheriff
Defendant

THE STATE OF OHIO }
Cuyahoga County  } SS.  I, GERALD E. FUERST, CLERK OF THE COURT OF COMMON PLEAS WITHIN AND FOR SAID COUNTY, HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL CRIMINAL JOURNAL ENTRY CR-247944 NOW ON FILE IN MY OFFICE. WITNESS MY HAND AND SEAL OF SAID COURT THIS 24th DAY OF Sept A.D. 2001
GERALD E. FUERST, Clerk
By _____ Deputy

P R O C E E D I N G S

<u>WEDNESDAY AFTERNOON SESSION, FEBRUARY 6, 1991</u>

THE COURT: We're on the record in the State of Ohio versus Hardy Ingram, docket number CR-247944. Mr. David Doughton is here on behalf of the defendant, and Mr. Ronald James for the State of Ohio. My understanding is that a plea will be forthcoming.

MR. JAMES: Yes, your Honor.

Your Honor, the defendant is charged in a two-count indictment: Count One is Preparation for Shipment, Cocaine, in violation of Revised Code Section 2925.03. It is a felony of the third-degree.

Count Two is Drug Abuse, in violation of Revised Code Section 2925.11, and because the drug is Cocaine, it is a felony of the fourth-degree.

Your Honor, we have complied with all of the Discovery requirements, and the file was reviewed by my Supervisor Mr. Ed Walsh.

I have been advised by Counsel that the defendant wishes to withdraw his previously-entered plea of not

```
 1  guilty and plead guilty to the first-count, Preparation
 2  for Shipment.  Your Honor, that's a felony of the
 3  third-degree, punishable by a possible definite
 4  sentence of a year, year-and-a-half, two years in
 5  prison, and a fine of not more than $5,000; and,
 6  there is also a provision that the $5,000 fine be
 7  included in the plea for the first-count.  And, if
 8  that's forthcoming, the State of Ohio would ask that
 9  the Court accept it and nolle count-two.  It is a
10  probationable offense.
11                  THE COURT:           Mr.
12  Doughton?
13                  MR. DOUGHTON:        Yes, your
14  Honor.
15  As stated by Mr. James, we have received Discovery
16  on this matter.  I have been able to talk to Mr.
17  Ingram about the facts of the case.  I do believe that
18  the plea fits the facts in this matter.
19  He has been advised of all of his Constitutional
20  Rights.  He also has been advised that there will be
21  a $5,000 fine in this matter.  He has indicated to
22  me that he will voluntarily waive those Rights and
23  enter the plea as stated by Mr. James.
```