UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -7  P 2: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

HARDY INGRAM,                )
       Petitioner            )
                             )
       v.                    )   C.A. NO. 04-40155-GAO
                             )
DAVID L. WINN, WARDEN        )
       Respondent            )

### GOVERNMENT'S OPPOSITION TO PETITION FILED PURSUANT TO 28 UNITED STATES CODE SECTION 2241

#### INTRODUCTION

The petitioner, Hardy Ingram, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241(c)(3), claiming "actual innocence" in that he was denied effective assistance of counsel during a sentencing proceeding conducted in the United States District Court in the Northern District of Ohio. Because the petitioner's claim is a direct attack on his underlying sentence and therefore cognizable only under 28 U.S.C. §2255, and because the sentencing court has already entertained and denied a §2255 petition brought by Ingram, this Court should summarily deny the instant petition.

#### STATEMENT OF THE CASE

On July 25, 2001, a federal grand jury sitting in the Northern District of Ohio returned a two-count indictment against

1

the petitioner, Hardy Ingram.[1]  Government's Brief at 2, *Ingram* (No. 1:02CV2523).  Ingram was charged with violating 21 U.S.C. §841(a)(1), possession with intent to distribute approximately 116.9 grams of cocaine base (crack cocaine) (Count 1); and violating 18 U.S.C. §922(g)(1), being a felon in possession of a firearm (Count 2).  Id.

On October 9, 2001, pursuant to a written plea agreement, Ingram pleaded guilty to Count 1 of the indictment.[2]  Id.  A sentencing hearing was held on January 10, 2002.  Id.  At the hearing the Court found Ingram to be a "career offender" based on his two prior drug felony convictions for trafficking in cocaine. Id.  He was subsequently sentenced to a term of 262 months incarceration, to be followed by a five year term of supervised release.[3]  Id. Ingram did not directly appeal his conviction or sentence.  Id.

On December 23, 2002, Ingram filed a Motion to Vacate, Set

---

[1] The procedural history set forth herein is culled in part from the Government's Brief in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255, filed in United States v. Hardy Ingram, No. 1:02CV2523 (N.D. Ohio filed Feb. 21, 2003) attached hereto and incorporated herein by reference as Addendum A (cited "Government's Brief"), as well as the docket entries pertaining to the present petition.

[2] The second count charging Ingram with being a felon in possession of a firearm was dismissed.

[3] The plea agreement provided for a three-level reduction for acceptance of responsibility and included a waiver of Ingram's right to file either a direct appeal or a post-conviction attack on his conviction and sentence.

Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Id. In his Petition, Ingram alleged (1) his counsel was constitutionally ineffective, (2) his guilty plea was unlawfully induced, (3) the Court miscalculated his criminal history, and (4) the Court erred in denying his request for a downward departure from the applicable sentencing guidelines range. Id. at 2-18.

On July 21, 2003, Judge Lesley Wells of the United States District Court in the Northern District of Ohio (Eastern Division) issued a nine-page Memorandum of Opinion and Order denying Ingram's §2255 Petition. See United States v. Hardy Ingram, No. 1:02CV2523 (N.D. Ohio July 21, 2003) attached hereto and incorporated herein by reference as Addendum B. In the plea agreement, Judge Wells recognized, the defendant expressly waived his right "to raise and/or appeal and/or file any post-conviction writs of habeas corpus concerning any matters pertaining to the prosecution including all motions, defenses, probable cause determinations, his plea of guilty, objections to the Court's entry of judgement against the defendant and imposition of judgment under Title 18, United States Code, Section 3742 (sentence appeals)." Id. at 3. Nevertheless, Judge Wells addressed Ingram's claims alleging coercion in entering into the plea agreement and claiming ineffective assistance of counsel. Id. at 3, 5. Judge Wells concluded that Ingram freely and voluntarily entered into the plea agreement, Id. at 3-4, and

further that defense counsel was not deficient in his representation of Ingram. Id. at 5-8. Judge Wells then dismissed the defendant's petition with prejudice. See Id. at 9 and attached Judgment Entry.

Ingram then filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. See United States v. Hardy Ingram, No. 03-4113, slip op. (6th Cir. Dec. 3, 2003) attached hereto and incorporated herein by reference as Addendum C. In treating his notice of appeal as an application for a certificate of appealability, the Appeals Court concluded that Ingram failed to make a substantial showing of the denial of a constitutional right. Id. at 1. Consequently, on December 3, 2003, the Appeals Court denied Ingram's application for a certificate of appealability. Id. at 2.

Not one to be deterred, Ingram then filed a Motion to Vacate Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). See United States v. Hardy Ingram, No. 1:02CV2523 (N.D. Ohio July 28, 2004) attached hereto and incorporated herein by reference as Addendum D. In that motion, Ingram argued that even though he waived his right to file any challenges to his sentence pursuant to §2255, the Court nevertheless should have exercised its authority under 28 U.S.C. §1651(a) to grant him a writ of coram nobis. Id. at 2. In a thorough and thoughtful five-page order, Judge Wells once again disagreed with the

4

defendant and denied his motion. Id. at 3, 5. Judge Wells concluded that Ingram's motion was in effect a subsequent petition for writ of habeas corpus requiring certification by the Sixth Circuit Court of Appeals and therefore dismissed the motion for want of jurisdiction. Id. at 3. Even if Ingram's Rule 60(b) motion challenged the collateral review process and review was proper, Judge Wells concluded, his motion still required dismissal. Id. at 4. In the Sixth Circuit, Judge Wells noted, "a prisoner in custody is barred from seeking a writ of error coram nobis. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001)." Id. at 4. Because Ingram remained in custody, the writ of coram nobis was not available to him. Id. at 4. Moreover, Judge Wells held, Ingram's secondary challenge that the Court improperly applied the career offender provision of the Sentencing Guidelines to him was a direct attack on his underlying sentence and therefore must be treated as a successive petition for writ of habeas corpus. Id. at 4. Lacking jurisdiction to entertain the motion, Judge Wells dismissed the motion. Id. at 4-5.

Having fared poorly in the Northern District of Ohio, and having been transferred by the Federal Bureau of Prisons to Massachusetts, Ingram next filed a self-represented Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(c)(3) in the United States District Court for the District of Massachusetts

claiming that he was "actually innocent". The motion was dated August 13, 2004. On November 8, 2004, this Court issued an order directing the government to file a response within 60 days of receiving the order. This Court subsequently allowed the government's Motion for Extension of Time to file a response and set a deadline for filing on April 8, 2005.

## ARGUMENT

### THIS COURT LACKS JURISDICTION TO CONSIDER THE PETITION

Ingram's sole claim relates to a purported "miscarriage of justice" stemming from counsel's alleged failure to meaningfully challenge his classification as a career offender under the Sentencing Guidelines during a sentencing hearing in the District Court for the Northern District of Ohio. His petition must be denied.

Because this claim is a direct attack on the validity of Ingram's underlying sentence, it is cognizable only under 28 U.S.C. § 2255 and therefore must be brought in the sentencing court. Moreover, because the District Court in Northern Ohio has already considered and rejected Ingram's prior petition for a writ of habeas corpus under §2255, and because the Sixth Circuit Court of Appeals has previously denied Ingram's application for a certificate of appealability, this Court lacks jurisdiction to entertain what amounts to a second §2255 motion. See 28 U.S.C. §2255(4).

6

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Section 2241 claims are thus distinct from those available under section 2255 (which involve the validity of a sentence or the conviction pursuant to which it was imposed). The First Circuit has recognized these differences, compare United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences. . . .") with United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (28 U.S.C. § 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"), and has held that 2241 petitions that in fact state 2255 claims must be dismissed. Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. S 2241"). Accord, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing 2241 petition that stated claim under section 2255); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) ("[a]ttacks on the underlying validity of a conviction must be brought under 28 U.S.C. S 2255, not 28 U.S.C. S 2241(c)); Ojo v. INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred before sentencing must be addressed in a section 2255 petition filed in the sentencing court); Bradshaw

v. Story, 86 F.3d 164, 166(10th Cir. 1996) ("habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under section 2255).

Application of these principles here demonstrates that Ingram's petition states only a claim under section 2255 that can be heard only by the sentencing court. Nothing in the Petition relates to the execution of the Ingram's sentence as opposed to the constitutionality of the procedures pursuant to which Ingram was convicted. Nothing relates to decisions made by the Bureau of Prisons regarding the length or nature of his incarceration pursuant to his 2001 judgment of conviction. Because the claim only attacks the constitutionality of the proceedings that produced that judgment in the first place, the Petition fails to state a cognizable claim under section 2241. See generally U.S. v. White, 53 F. Supp. 2d 976, 978 (W.D. Tenn 1999)("habeas 'execution' of sentence claims deal with BOP decisions regarding the calculation of sentence credits, the ministerial calculation of the dates of release or completion of the sentence, and other issues unrelated to the validity of the conviction or sentence itself....").

Moreover, Ingram's claim related to ineffective assistance of counsel has already been considered by the sentencing court and rejected. See United States v. Hardy Ingram, No. 1:02CV2523 (N.D. Ohio July 21, 2003). "No circuit or district court shall

be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such a detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. §2244(a). Though ostensibly captioned a §2241 petition, Ingram's motion is in reality a second or subsequent §2255 petition requiring submission to the appropriate Court of Appeals. See 28 U.S.C. §2255(4)(successive section 2255 motions must be certified by appropriate Appeals Court as containing newly discovered evidence or new rule of constitutional law made retroactive to petitioner's case).

## CONCLUSION

Based on the foregoing, the government respectfully requests that the defendant's section 2241 Petition be summarily dismissed because this Court lacks jurisdiction to entertain the petition.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
WILLIAM F. BLOOMER
Assistant U.S. Attorney
One Courthouse Square
Boston, MA 02210
(617) 748-3644

Dated: 7 February 2005

**CERTIFICATE OF SERVICE**

Boston, Massachusetts
February 7, 2005

I, William F. Bloomer, Assistant U.S. Attorney, do hereby certify that I have served the copy of the foregoing, to Hardy Ingram, Federal Bureau of Prisons, Fort Devens/P-2, P.O. Box 879, Ayer, MA 01432.

/s/William F. Bloomer
WILLIAM F. BLOOMER
Assistant U.S. Attorney