```
                                              FILED
                                          ,CLERKS OFFICE

                                        2005 FEB 29  P 1:39
                                             MAR 1
              UNITED STATES DISTRICT COURT   DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS  DISTRICT OF MASS
```

|  |  |
|---|---|
| HARDY INGRAM, <br>     Petitioner, <br><br> v. <br><br> DAVID L. WINN, WARDEN, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No: 04-40155-GAO <br> ) <br> ) <br> ) <br> ) |

**PETITIONER'S TRAVERSE TO**
**GOVERNMENT'S OPPOSITION TO**
**PETITIONER'S  28 U.S.C. § 2241**

**NOW COMES**, the **PETITIONER, HARDY INGRAM**, # 38294-060, acting **PRO-SE** in the above entitled action, humbly submits this Traverse Opposition to Government's Oppostion to Petitioner's 28 U.S.C. § 2241. The Petitioner states the following facts in support thereof:

Respectfully Submitted,

Executed on this date: 02-25-05          _____
                                          By: Hardy Ingram

## JURISDICTION

The Petitioner, Hardy Ingram, hereby alleges that first and foremore: He is in custody under or by the color of authority of the United States, and secondly, he is in custody for an act done or omitted in pursuance of and an Act of Congress, or an order, process, judgment or decree of a Court or Judge of the United States. **See**: Title 28 U.S.C.A. 2241 (a)(C)(1)(3) (emphasis added).

Further, Petitioner asserts that the remedy by motion under Title 28 U.S.C.A. 2255 is inadequate or ineffective to test the legality of his actual detention. **See**: Title 28 U.S.C. 2255 "safety valve clause" as cited in the case of **IN RE Hansard**, 123 F.3d 922,930 (6th Cir. 1997)

Where, Petitioner is "actually innocent" of the higher enhanced sentence, **See**: **Bously v. United States**, 523 U.S. at 623 (1998), simple possession charge does not qualify as a predicate offense as defined in the career offender guidelines §4B1.2(a)(1) and (a)(2) and application note(1). The Petitioner's "actually innocent" clause falls within the "saving clause" and the 2255, is satisfied by the Petitioner. A 2241 petition "may be entertained when the so-called 'saving clause' and the 2255, is satisfied." **Jeffers v. Chandler**, 253 F.3d at 830 (5th Cir. 2000) **Cert. denied**, 534 U.S. 1001 (2001).

The United States Supreme Court, in a per curiam opinion, expressing the unanimous views of the Court, it was held that since it did not

appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.

And holds allegations of a pro-se complaint to less stringent standards than formal formal pleading drafted by lawyers.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **Haines v. Kerner**, 30 L.Ed.2d 652.

The Petitioner being a layman and not astute with the erudition of the law, nor having the empirical knowledge. The Petitioner could only deduce that something was wrong with his draconian sentence.

Because the Petitioner is barred by the gatekeeping provision now codified in 2255 by the enactment of the Anti-Terrorism and the Effective Death Penalty Act of 1996 (AEDPA), he is duly entitled to bring the instant claim under the habeas provision of Title 28 U.S.C. 2241. **See**: **Hanserd**, Supra, Citing **United States v. Hayman**, 342 U.S. 205,213-14 (1952).

## ARGUMENT IN SUPPORT

### THIS HONORABLE COURT HAS ESSENTIAL JURISDICTION TO ENTERTAIN A CONSTITUTIONAL FEDERAL QUESTION PERTAINING TO THE FIFTH AND SIXTH AMENDMENTS REGARDING THE MISAPPLICATION OR DIRECT VIOLATION OF THE SENTENCING GUIDELINES CAUSING AN EGREGIOUS MISCARRIAGE OF JUSTICE

Habeas Corpus Jurisdiction and/or Subject Matter Jurisdiction "Custody" To Invoke Habeas Corpus Review by a Federal Court, the Petitioner Must Satisfy Two Jurisdictional Requiremnets.

1.) **The Status Requirement** that the Petition be on behalf of a person in custody pursuant to the judgment of a State or Federal Court.

2.) **The Substance Requirement** that the Petition challenges the legality of that custody on the ground or grounds that it is in violation of the Constitution or Laws or Treaties of the United States of America. **See:** Title 28 U.S.C. 2241 (a)(C)(1)(3).

In the instant case, there is no doubt Petitioner falls within the criterion satisfying both jurisdictional requirements regarding the Petitioner and the issue of subject-matter jurisdiction, **"Custody"** regarding Petitioner's petition. **See:** Title 28 U.S.C.A. 2241 (C)(3).

Petitioner is also **"alleging" a Constitutional Federal question,** on the grounds in violation of the Constitution and Laws of the United States of America regarding the "Fifth and Sixth" Amendments,

laws and statutes, not forgetting the Fourteenth, "the equal protection of the laws". **See**: Title 28 U.S.C. 2241 (C)(3).

Historically, the Federal Courts limited habeas corpus review to prisoners who, at the moment the federal petition was actually adjudicated, and were seeking release from actual physical confinement, by challenging the particular judgment of **conviction or sentence** that was responsible for that confinement.

However, more recently, "stifling formalism" and "arcane and scholastic procedural requirements" have given way, permitting the transformation of habeas corpus into a modern, generally available, any essentially appellate post-conviction procedure. **See**: **Jones v. Cunningham**, 371 U.S. 236 (1963), the watershed Supreme Court decision in this respect. This trend has continued recently. **See**: **Garlotte v. Fordice**, 515 U.S. 39 (1995); **See also**: **Spencer v. Kema**, 523 U.S. 1,7-12 (1998)(similar to **Maleng**, infra): **Maleng v. Cook**, 490 U.S. 488,492 (1989)(per curiam)(Court has "very liberally construed the 'in custody' requirement for purposes of Federal Habeas" and found "custody" whenever "petitioner suffer [some] present restraint from a conviction").

There comes a time when legal proceedings come into direct conflict with a person's basic human and Constitutional rights. In the instant case, to the extent that the Petitioner can discern that: "The Government argues principally that Congress (and in turn the Sentencing Commission) anticipated that the guidelines generally **'would be**

-4-

**applied based on fact-finding by the sentencing court, not a jury.'** U.S. Br. 46-49. That is not, however, an argument against severability; **it is instead a recitation of characteristics of the guidelines that violates the Sixth Amendment.".**

The SRA and the guidelines were both developed with explicit and overriding purpose of limiting judicial sentencing discretion. Congress' concern with the role of Judges in sentencing was <u>clear</u> both to the SRA's supporters and opponents.

Compare **130 Cong. Rec. 976** (1984)(statement of Sen. Laxalt)("The present problem with disparity in sentencing *** stems precisely from the failure of [F]ederal Judges - individually and collectively - to sentence similarly situated defendants in a consistent, reasonable manner. There is little reason to believe that Judges will now begin to do what they have failed to do in the past.") with id. at 973 (statement of Sen. Mathias)("the proponents of the bill *** argue in essence that Judges cannot be trusted. <u>You cannot trust a Judge *** you must not trust a Judge</u>.").

By transforming judicial fact-finding from a vice that Congress sought to limit into a value that it sought to preserve, the Government thus turns both logic and history on their heads, instead of pursuing a fair and just sentence according to the Laws and Constitution of the United States of America. Thus, having total disregard,....and seeking inordinate draconian sentences, knowing it is unconstitutional as well as against the Laws and Treaties of the United States.

The Federal Courts have long interpreted the Habeas Corpus Statute's **Federal question requirement**.....that the prisoner's "custody" be in violation of the Constitution or Laws or Treaties of the United States....to reach all important Federal questions... including all fundamental Federal Statutory Claims arising in the process by which a prisoner comes to be,....or is kept, in custody. **See**: Title 28 U.S.C. 2241 (C)(3) 1994. **Accord Dickerson v. United States**, 530 U.S. 428 17.3 (2000)("Habeas Corpus proceeding is available only for claims that a person is in custody in violation of the Constitution or Laws or Treaties of the United States.")(Citing Title 28 U.S.C. 2254(a): **Withrow v. Williams**, 507 U.S 680,715 (1993)(Scalia, J., concurring in part and dissenting in part), by statute.....A Federal Habeas Court has jurisdiction over **"any"** claim that a prisoner is in custody in violation of the Constitution or Laws of the United States. **See**: Title 28 U.S.C. 2241 (C)(3): and **Dunne v. Henman**, 875 F.2d 244,248 (9th Cir. 1989), District Court had subject matter jurisdiction because petitioner filed under Title 28 U.S.C. 2241 alleged federal question.

**ARGUMENT**

**PETITIONER IS "ACTUALLY INNOCENT" OF THE RECIDIVISM ENHANCEMENT APPLIED TO HIM AT THE TIME OF SENTENCING, AND A WRIT OF HABEAS CORPUS SHOULD ISSUE TO AVOID A COMPLETE MISCARRIAGE OF JUSTICE**

Petitioner begins with the fact that the District Judge Wells exceeded the jurisdiction of the Court when he sentenced Ingram as a career offender pursuant to a predicate state offense for a simple possession charge that does not qualify as a predicate offense as

-6-

defined in the career offender guidelines §4.B 1.2(a)(1) and (a)(2) and application note 1.

The Court is trying to justify denying relief because he waived his right to appeal and post-conviction relief. Ingram is challenging the District Courts jurisdiction to sentence him as a career offender. Once jurisdiction has been challenged in the Courts it becomes the plaintiff's responsibility to assert and prove jurisdiction. **Hagans v. Lavine**, 415 U.S. 533 (note 5) as mere good faith assertion of power and authority (jurisdiction) have been abolished. **Owens v. City of Independence**, 100 S.Ct. 1398 (1980). The District Court plainly lacked jurisdiction to impose Ingram's enhanced sentence under the Career Offender Act, and Ingram need not show cause and prejudice to collaterally attack the enhanced sentence because jurisdictional challenges can never be waived and cannot be procedurally defaulted. **Harris v. United States**, 149 F.3d 1304,1308-09 (11th Cir. 1998) (a District Court can raise a jurisdictional defect upon the Court's own motion). While Counsel did not raise this claim on appeal, it is a jurisdictional claim and cannot be defaulted and Ingram need not show cause to justify his failure to raise such a claim. Also, Ingram cannot be faulted for Counsel's ineffectiveness for not raising this issue. **Murray v. Carrier**, 477 U.S. 478,488 (1986)(procedural default not attributed to petitioner when result of ineffective Counsel).

Ingram maintains that he is "actually innocent" of being a career offender. Because 28 U.S.C. 2255 is inadequate and ineffective to test the legality of....detention. Ingram may invoke the §2255 saving

-7-

clause as a means of presenting his jurisdictional claims. Petitioner is entitled to habeas corpus relief under §2241 or audita querela relief under 28 U.S.C. 1651 (the All Writs Act). **See: In Re Dorsainvil**, 119 F.3d 245 (3rd Cir. 1997): **In Re Hanserd,** 123 F.3d 922 (6th Cir. 1997) and **Triestman**, 124 F.3d 361 (2nd Cir. 1997). Ingram has a colorable claim that he is actually innocent of the enhanced sentence. **See: Bously,** 523 U.S. at 623 (quoting **Carrier,** 477 U.S. at 496).

A Court will raise lack of subject matter jurisdiction on its own motion. **Harris** Supra, 149 F.3d at 1308. [Ingram], raised an actually innocent claim in his initial §2241. The crucial consideration here, is whether due to Constitutional error the sentence was presented with a "factually accurate sentencing profile" of Ingram, the record speaks for itself. Ingram was enhanced on a non-qualifying predicate offense of simple possession. **See: Johnson v. Singletary,** 938 F.2d 1166,1200 (Ca. 1991)(en banc)(Anderson, J. dissenting). The Judge at the sentencing phase of Ingram's trial was provided erroneous information on a state prior. The Supreme Court has ruled that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. **United States v. United States Gypsum Co.,** 333 U.S. 364,395 68 S.Ct. 525,542 92 L.Ed. 746 (1948); and reaffirmed in **Anderson v. Bessemer City,** 470 U.S. 564,573,105 S.Ct. 1504,1511 84 L.Ed.2d (1985).

At the same time, "clearly erroneous" review allows a Federal Court to entertain a defaulted claim in the rare case in which the Court on the review of the entire evidence is left with the definite and

-8-

firm conviction that a mistake has been made. **United States Gypsum Co.,** 333 U.S. 68 S.Ct. 525,542 82 L.Ed. 746 (1946). The "clearly erroneous standard" in this case is workable as is true of the cause and prejudice standard adopted in **McClesky v. Zant**, cause is identified by ineffectiveness of Counsel. Since "investigation and preparation are the keys to effective representation". **ABA Projects on Standards for Criminal Justice, Standards Relating to the Prosecution Function and the Defense Function**, 224 (App Draft 1971), Counsel has a duty to make an independent examination of the facts, circumstances, pleading and laws involved. **Von Moltke v. Gillies**, 332 U.S. 708,721 (1948). Prejudice is identified because Ingram's sentence was increased as a career offender. **Glover v. United States**, 121 S.Ct. at 696 (2001).

Since the Government is the plaintiff in this case and [Ingram] has challenged the Courts jurisdiction to enhance him as a career offender, the burden to prove jurisdiction now lies on the Government. **Hagan v. Lavine**, 415 U.S. 533 (note 5).

Ingram should be granted an evidentiary hearing to allow the Government to establish jurisdiction in the instant matter.

## CONCLUSION

For the reasons and documented facts listed above, Petitioner states that these violations of the Constitution and Laws of the United States, left the Court without proper authority to impose an unconstitutional sentence, that was illegally obtained in violation of Petitioner's Fifth, Sixth and Fourteenth Amendments.

Wherefore, premises be considered that Petitioner be granted this Petition for Writ of Habeas Corpus and an Evidentiary Hearing on the merits consistent with the foregoing and other determined by this Honorable Court.

Whereby, a fundamental miscarriage of justice will result, if this Court does not grant this Evidentiary Hearing to serve the ends of justice, and preserving the integrity of the Constitution, and the reputation of this Honorable Court as well as assuring that the public receive a fair and impartial Justice System under the Constitutional Statute, and it's Amendments to with.

Respectfully Submitted,

Dated: February 25, 2005

Hardy Ingram
# 38294-060 P-B
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, HARDY INGRAM, HEREBY CERTIFIES that a true copy of the fore-going was mailed via institutional legal mail on the above date to the United States District Court for the District of Massachusetts, at One Courthouse Way, in Boston, Massachusetts, 02210. Also to Mr. WILLIAM F. BLOOMER, A.U.S,A, Ste: 9200

Respectfully Submitted,

Executed on this date: 02-25-05

Hardy Ingram
# 38294-060 P-B
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432