UNITED STATES DISTRICT COURT
FOE THE DISTRICT OF MASSACHUSETTS

HARDY INGRAM,

    PETITIONER,

VS.

DAVID L. WINN, WARDEN,

    RESPONDENT.

G.A. NO.: 04-40155-GAO

## MOTION TO AMEND SECTION 2241 AND MEMORANDUM OF LAW IN SUPPORT OF AMENDMENT

Comes now the petitioner, Hardy Ingram, acting in propria persona, and in want of Counsel, and respectfully moves this Honorable Court to allow amendment of his §2241 petition by addition of the proposed amendment filed with this motion.

This motion is made pursuant to Rule 15(c) of the Fed. R. of Civ. Proc. and includes and incorporates by reference the factual allegations, the exhibits and legal arguments set forth in petitioners original §2241 petition on file with this Honorable Court, as well as the authorities and arguments set forth in the Supporting Memorandum attached hereto in that they relate back to claims arising out of the same set of facts as Ingram's timely filed claims under §2241 of his original pleadings on file with this Honorable Court.

-1-

## MEMORANDUM OF LAW IN SUPPORT OF AMENDMENT

Two situations recur in which petitioner seeks and the Court grant leave to amend. The first situation, the clerk, or judge, or the Respondent for instance in its answer or in its dismissal or Summary Judgement Motion, suggests that the petition is defective in form or that it fails to state a cause of action, or to plead facts sufficient to justify relief. See page 6 and 9 of the governments opposition dated, February 7, 2005.

Therefore Mr. Ingram states that the proposed amendment is on all fours with the above reasons to allow this proposed amendment.

The advisory committee notes to habeas rules invite amendments in these situations and the federal courts have long permitted such amendments that cure formal, procedural, or substantive defects in the petition and state tenable claims for relief.

Furthermore, an amendment may be made at any time, even at the appellate level. **Dunn vs. Transworld Airlines, Inc. 589 F.2d 408 ($9^{th.}$ Cir. 1978)**: See also **Slaughter vs. Southern Talc Co. 949 F.2d 167 ($5^{th.}$ Cir. 1991)**: (Leave to amend should be freely given even after judgement); **Lone Star Motor Import, Inc. vs. Citreon Cars Corporation, 288 F.2d 69, 75-76 ($5^{th.}$ Cir. 1961)** (Leave should be freely given).

In the instant pleadings, as set forth in Mr. Ingram's original §2241, he moves this court to allow amendment because the proposed amendment is a clarification of his claim in his

-2-

original petition that he is "actually innocent" of the enhanced sentenced, which was imposed on the current sentence for which he is now in custody. **United States vs. Craycraft, 167 F.3d 457 (8th. Cir. 1999); United States vs. Hicks, 283 F.3d 387 (D.C. Cir. 2002); Dunlap vs. United States, 250 F3d 1005 (6th. Cir. 2001), United States vs. Duffus 174 F.3d 333 (3rd. Cir. 1999), cert. denied, 528 U.S. 866, 120 S.Ct. 163, 145 L.Ed. 2d 138 (1999).**

### PROPOSED AMENDMENT

The blatant cry of the A.U.S.A. that the District does not have jurisdiction under §2241 (c) (3) is contrary to the historical trackings of the Writ.

The Judiciary Act of 1789, Ch. 20 §14, 1 Stat. 81-82, empowered federal courts in the district which a prisoner was confined to issue a Writ of Habeas Corpus if the prisoner was "in custody, under or by colour of the authority of the United States." See **McClesky vs. Zant, 131 L.Ed. 2d 517 (1991).**

In 1867, the Writ was made available to any federal prisoner restrained of his or her liberty in violation of the Constitution or any treaty or law of the United States. **Act of February 5, 1867, Ch. 28 §1, 14 Stat. 385.** See **Kaufman vs. United States, 22 L.Ed. 227 (1969).**

Today federal courts continue to retain jurisdiction to entertain habeas corpus petitions from federal prisoners in custody in violation of the Constitution, laws or treaties of the Unites States. **28 U.S.C. §2241 (c) (3)**

In 1948, by enacting §2255, which channels collateral attacks

-3-

by federal prisoners to the sentencing court(rather than the court in the district of confinement) so that they can be addressed more efficiently. Congress restricted (but did not eliminate) the right of a federal prisoner to proceed under §2241 (c) (3). See **United States vs. Hayman, 96 L.Ed. 232 (1952)**; §2255 was not intended to limit the collateral rights of federal detainees in any way. It was designed to serve as a convenient substitute for the traditional habeas corpus pleading, such as the instant matter, and the myth that §2255 or Fed. R. Civ. Proc. 60(b) abolished all of the ancient common law writs was settled in **United States vs. Morgan, 346 U.S. 510**, where the Supreme Court stated: "that it saw no compelling reasons to reach such a conclusion." Indeed the court stated: "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." **Morgan, 346 U.S. 505**, [Notes 3 and 4].

Section §2255 was never intended to supercede §2241 (c) (3), significantly, §2255 as originally enacted and as amended by the A.E.D.P.A. contains an explicit exception to the general rule that a federal prisoner must use §2255 instead of habeas relief under §2241 (c) (3).

Mr. Ingram strenuously objects to his petition pursuant to §2241 (c) (3) being recharacterized as a §2255 motion. See **United States vs. Emmanuel, decided 05/07/2002 No.: 00-7578 (4th. Cir. 2002)**; adopting the rulings in **Adams, 155 F.3d at 584** and **Miller, 197 F.3d at 652**, which states: "The A.E.D.P.A. has dramatically altered the form and timing of habeas petitions

-4-

filed in federal courts. If each **pro-se** filing is treated as a §2255 Writ, as once was the case, petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit **pro-se** claimants, and now under the A.E.D.P.A. this practice can become extraordinarily harmful to a prisoners rights.

On June 10, 1991, Mr. Ingram entered a plea of guilty in state court to simple possession of bulk quantity of cocaine in violation of ORC 2925.11 See Exhibit A (Excerpts of plea proceeding in state court) in petitioners original §2241 petition on file in this Honorable Court.

Under the first prong of the **Strictland** test, a defendant must establish that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. **Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.** Under this standard "judicial scrutiny of counsels performance must be highly deferential. **Id at 689, 104 S.Ct. 2065.** The court must avoid the "distorting effects of hindsight," and the defendant must overcome the presumption that the attorney's action constituted sound trial strategy."

Neverless, a defendant is entitled to "the exercise of the skill, judgement and diligence of a reasonably competent defense attorney".

Under the second prong of the **Strickland** test, a defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

However, a court may not set a conviction or sentence aside, solely because the outcome would have been different absent counsel's deficient performance.

Instead, in order to establish the required prejudice, a defendant must demonstrate that counsel's performance rendered the proceeding fundamentally unfair and unreliable.

It is Mr. Ingram's proposition that in the instant case that his defense counsel's failure to challenge the insufficient state conviction that was used by the district court to classify him as a career offender constituted ineffective counsel under the **Strickland** test.

It is Mr. Ingram's proposition that a cursory reading of the guideline manual under 4B1.1 it becomes obvious to the most casual observer that a simple possession drug charge is insufficient to satisfy the definition of a controlled substance offense under the career offender guideline 4B1.1

The dramatic increase in Mr. Ingram's sentence establishes prejudice under the **Strictland** test. See **United States vs. Kissick, 69 F.3d 1048 (1995)**, also **Glover vs. United States, 121 S.Ct. 696 (2001)**.

It is Mr. Ingram's proposition that is "actually innocent" of the enhanced sentence he received as a career offender because the sentence could not be legally imposed. **Embrey vs. Hershberger, 106 F.3d 805 (1997 Ca Mo.)**

## CONCLUSION

It is Mr. Ingram's proposition that this court is vested with jurisdiction to proceed on the merits of his brief and that his conviction and sentence be vacated and petitioner should be rearraigned and given the option of another plea if the statute of limitations on the offense have not run.

Respectfully submitted,

Hardy ingram, #38294-060
FMC-DEVENS
Post Office Box 879
Ayer, MA  -01432-